GOODYEAR (DAY v.).   See Case No. 3,678.

## Case No. 5,570.

GOODYEAR et al. v. DUNBAR et al.

[3 Wall. Jr. 310; 1 Fish. Pat. Cas. 472; 18 Leg. Int. 397.] [1]

Circuit Court, D. New Jersey. Nov. Term, 1860.

INJUNCTION—PATENTS—WILLFUL INFRINGEMENT—MISTAKE OF LAW OR FACT—INTERFERING PATENTS.

1. The remedy by injunction, though necessary in certain cases to do complete justice, is, nevertheless, one which should always be cautiously granted, and more especially where it is demanded before a decree of the court on final hearing of the merits.

2. If the defendant shows a belief that he has a just defense, and is not a willful pirate of the plaintiff's invention, it should be a case of an evident mistake of law or fact, or both, in the defense which he sets up, which will justify the court in using their festinum remedium.

[Cited in American Nicholson Pav. Co. v. City of Elizabeth, Case No. 312; Sargent Manuf'g Co. v. Woodruff, Id. 12,368; Yuengling v. Johnson. Id. 18,195; Edison Electric Light Co. v. Columbia Incandescent Lamp Co., 56 Fed. 498.]

3. Where the defendant is acting under letters patent, which cover his process or machine, he has a prima facie right to continue his manufacture, and should not be disturbed by a preliminary injunction.

This was a motion [by Charles Goodyear and the New England Car Spring Company] for a provisional injunction, to restrain the infringement of letters patent [No. 3,633] granted to Charles Goodyear, June 15, 1844, and reissued [No. 156] December 25, 1849. The process consisted in mixing rubber and sulphur in certain proportions, and subjecting the compound to a high degree of heat. The claims of the reissued patent were as follows: "What I claim as my invention, and desire to secure by letters patent, is the curing of caoutchouc, or India rubber, by subjecting it to the action of a high degree of artificial heat, substantially as herein described, and for the purpose specified. And I also claim the preparing and curing of the compound of India rubber, sulphur and a carbonate or other salt or oxide of lead, by subjecting the same to the action of artificial heat, substantially as herein described."

The defendants [Hiram P. Dunbar and Henry W. Joslin] claimed under letters patent granted to Henry W. Joslin, January 11, 1859, for an "improvement in the treatment of India rubber," which consisted in combining sulphuret of zinc with India rubber or caoutchouc, and submitting the compound thus formed to the action of heat, by which, in its nature and qualities it becomes so altered as not to be affected by heat, unless of a higher temperature than that used in its preparation. The claim of Joslin's patent was as follows: "The use and employment of sulphuret of zinc, either artificial or native, substantially prepared by the aforesaid pro-

---

[1] [Reported by John William Wallace, Esq., and by Samuel S. Fisher. Esq., and here compiled and reprinted by permission. The syllabus and statement are from 1 Fish. Pat. Cas. 472, and the opinion is from 3 Wall. Jr. 310.]

cess described, in combination with India rubber, for the purpose of curing or vulcanizing it in form and manner as set forth, without the use of free sulphur in any way, in combination with the rubber."

E. N. Dickerson and James T. Brady, for complainants.

Joseph P. Bradley, for defendants.

GRIER, Circuit Justice. The defendant, in virtue of his patent, has a primâ facie legal right to manufacture his compound by his process. Whether this process is a mere colorable change from the older patent, or whether his manufacture is the same combination or compound with that described in the plaintiff's patent, is the great question in dispute between the parties. So far as the judgment of the patent office affects the case, this question may be considered as having been decided in favor of defendant. The issue between the parties is an important one, and not a question of such easy solution as some may think at first view. But I do not feel called upon to decide it on the present motion. It is enough for the present that the defendant is acting under apparent legal authority, "primâ facie" good; having the decision (ex parte, it is true, and therefore not conclusive) of what has been called a "quasi judicial tribunal."

It is possible that on a final hearing I may differ in opinion with them, and quite as possible that a higher tribunal might differ with me. The question is, therefore, at this time: "Ought I, under such circumstances, to issue a preliminary injunction, and give the plaintiff a remedy before he has established his right on a final hearing?" By doing so I may do an irreparable wrong to the defendant, in breaking up his trade or business. If the plaintiff should be injured by the continuance of defendant's manufacture, he will recover ample damages by the final decree of the court; as there is no allegation that defendant is insolvent, or likely to become so. The motion for a preliminary injunction is therefore overruled. But the defendant is ordered to keep an account of all that is manufactured and sold by him.

I may here say for the information of the bar, that whenever a defendant presents a case showing a bonâ fide issue in fact or law, or, as in this case, a primâ facie right to continue his manufacture, founded on a decree of the patent office, and a consequent public grant, I will not grant a preliminary injunction, and thus issue execution before judgment. I will not decide the whole merits of a bonâ fide issue in fact, on ex parte affidavits, nor anticipate the final judgment of the court on the legal questions, as if they had been brought out on a demurrer.

The remedy by injunction, though necessary in certain cases to do complete justice, is nevertheless one which should always be cautiously granted, and more especially where it is demanded before a decree of the court on final hearing of the merits. If the defendant shows a belief that he has a just defence, and is not a willful pirate of the plaintiff's invention, it should be a case of an evident mistake of law or fact, or both, in the defence which he sets up, which will justify the court in using their festinum remedium. Injunction refused; but the defendant ordered to keep an account.

[For other cases involving patent No. 3,633, see note to Goodyear v. Central R. Co., Case No. 5,563.]